IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| JEANNE E. YEAPLE, et al., | : | CIVIL NO. 1:CV-09-0163 |
| --- | --- | --- |
| Plaintiff | : | |
| v. | : | |
| DISTRICT JUDGE ALAN G. NAYLOR, et al. | : | |
| Defendant | : | |

## MEMORANDUM

Before the court is Defendants' motion to dismiss Plaintiffs' complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 9). The parties have briefed the issues, and the matter is ripe for disposition.

I. **Background**

A. **Facts**

The following facts have been taken from Plaintiffs' complaint. Plaintiffs, Jeanne E. Yeaple, individually and in her own right as Executrix for the Estate of Michael Lee Yeaple,[1] bring this action under 42 U.S.C. § 1983 against the Honorable Alan G. Naylor, the Honorable James S. Miner, and the Honorable Walter R. Groom, all Magisterial District Judges ("MDJ") in York County, Pennsylvania, for alleged violations of her and her late husband's constitutional rights.[2]

---

[1] Michael Lee Yeaple passed away on September 10, 2008, under circumstances unrelated to this litigation.

[2] Plaintiffs also allege violations of state rights under 42 Pa.C.S.A. § 5702 and
(continued...)

This case arises from the January 24, 2007 arraignment of the Plaintiffs for drug related charges stemming from a search of their home. The arraignment was held before MDJ Naylor and bail was set at $25,000 for each Plaintiff.

Subsequently, on January 25, 2007, Plaintiffs were arrested and charged with burglary, intimidation of a witness, terroristic threats, simple assault and harassment. The next day, MDJ Naylor revoked Plaintiffs bail and set new bail at $125,000. This same day, Plaintiffs were arraigned before MDJ Miner on the second set of charges. At this arraignment, Plaintiffs contend that MDJ Miner told Plaintiffs that MDJ Naylor had recommended Plaintiffs be given "as large of bail as possible." (Comp. at 9). MDJ Miner than set bail on Plaintiffs second set of charges at $450,000. On April 30, 2007, MDJ Groom held a preliminary hearing and kept Plaintiffs' bail the same.

### B. Procedural History

Plaintiffs' filed their complaint on January 26, 2009. (Doc. 1). On April 23, 2009, Defendants filed a motion to dismiss and brief in support. (Docs. 9, 10). On June 15, 2009, Plaintiff filed a brief in opposition to the motion to dismiss. (Doc. 17).

---

²(...continued)
Pennsylvania Rules of Criminal Procedure 520, 523 and 528– all relating to the imposition of bail. For reasons discussed below, all charges will be dismissed as Defendants are protected by absolute judicial immunity.

2

## II. Legal Standard

Among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In deciding a motion to dismiss under Rule 12(b)(6), the court is required to accept as true all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and all reasonable inferences permitted by the factual allegations, *Watson v. Abington Twp.*, 478 F.3d 144, 150 (3d Cir. 2007), viewing them in the light most favorable to the plaintiff, *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007); *Phillips*, 515 F.3d 224, 233 (3d Cir. 2008). If the facts alleged are sufficient to "raise a right to relief above the speculative level" such that the plaintiff's claim is "plausible on its face," a complaint will survive a motion to dismiss. *Twombly*, 550 U.S. at 555, 570; *Phillips*, 515 F.3d at 234; *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 66 (3d Cir. 2007). *See Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (explaining a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Further, when a complaint contains well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950. However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause

3

of action, supported by mere conclusory statements do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555).

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

### III.    Discussion

In the instant action, Defendants argue that they should be barred from suit under the doctrine of absolute judicial immunity. Plaintiffs counter that

4

Defendants should be held liable for their actions because Defendants were not performing judicial acts within their jurisdiction.

It has long been established that judges have absolute immunity from suit when acting within their judicial authority, this immunity includes protection from suits filed under 42 U.S.C. § 1983, as is the case here. *Stump v. Sparkman*, 435 U.S. 349, 357 (1978); *Forrester v. White*, 484 U.S. 219, 226-227 (1988); *Gallas v. Supreme Court*, 211 F.3d 760, 768 (3d Cir. 2000). Courts have explained that "if judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." *Gallas*, 211 F.3d at 768 (quoting *Forrester*, 484 U.S. at 226-227). Subjecting judges to personal liability for actions taken within their judicial functions "would manifestly detract from independent and impartial adjudication." *Forrester*, 484 U.S. at 227.

A two-part inquiry has been established for when judicial actions should be granted immunity. *Gallas*, 211 F. 3d at 768. First, the act must be one that is judicial in nature. Second, the act must not be clearly outside the judge's jurisdiction. *Stump*, 435 U.S. at 356-357 (citations omitted). With regards to the first inquiry, courts have taken a number of factors into account including "whether [the act] is a function normally performed by a judge" and whether the parties "dealt with the judge in his judicial capacity." *Gallas*, 211 F.3d at 768-769. "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess if his authority." *Stump*, 435 U.S. at 356. Nor will a judge's actions be excluded from immunity merely because they were "unfair or controversial" or because the judge acted "in an 'informal or ex parte' manner."

5

*Gallas*, 211 F.3d at 769 (quoting *Forrester,* 484 U.S. at 227). To summarize, a court should look to "the general nature of the challenged action, without inquiry into such 'specifics' as the judge's motive or the correctness of his or her decision." *Id.*

In the instant case, the actions taken by the District Judges were judicial in nature and within the jurisdiction of each judge. Plaintiffs make no argument that they were not properly before the court for either arraignment or a preliminary hearing each time bail was set. Furthermore, Plaintiffs' complaint acknowledges that, at the time the acts giving rise to this suit occurred, all Defendants were "member[s] of the minor judiciary...authorized to *set bail* and arraign persons appearing before [them] charged with criminal behavior and to conduct preliminary hearings pertaining to those charged persons." (Compl. at 3-4) (emphasis added). Therefore, Plaintiffs acknowledge in their complaint that bail setting is a judicial act and that jurisdiction was proper before each judge. Even absent Plaintiffs' complaint, bail setting is within the exclusive domain of the courts and is therefore a judicial act. *See Lutz v. Lavelle*, 809 F. Supp. 323, 327 (M.D. Pa. 1991); *see also* 42 Pa.C.S.A. § 1515(a)(4) (explaining MDJs have jurisdiction to fix and accept bail).

Plaintiffs' opposition brief focuses on the statement allegedly made by MDJ Naylor to MDJ Miner to "give them as large of bail as possible." (Comp. at 9). Plaintiffs claim that Judge Naylor should not qualify for absolute immunity because by making this statement he acted outside of his jurisdiction, and because this was an ex parte communication. (Pls. Br. at 9). First, ex parte, or informal communications, do not defeat judicial immunity. *Gallas*, 211 F.3d at 769. Second, nothing in the record suggests that the statement made by MDJ Naylor in any way influenced the independent judicial decision-making ability of MDJ Miner when it

6

came to setting bail. Plaintiffs baldly assert that MDJ Naylor "usurped and influenced" the authority of District Judge Miner, but provide no factual allegations to support this statement.[3] Therefore, Plaintiffs have failed to raise their right to relief above the speculative level allowing it to survive a motion to dismiss.

The proper method for challenging judicial error is on appeal. Judges "should not have to fear that unsatisfied litigants may hound [them] with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making, but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). It is unclear in the instant case if Plaintiffs filed a motion for bail reduction or filed an appeal alleging excessive bail. However, it is clear that, viewing the facts in the light most favorable to Plaintiffs as the nonmoving party, Defendants were performing judicial acts within their jurisdiction when setting Plaintiffs' bail. Therefore, all three Defendants are protected from suit by absolute judicial immunity.

### IV. Conclusion

In accordance with the foregoing discussion, the court will grant Defendants' motion to dismiss. An appropriate order will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: August 21, 2009.

---

[3] It is unclear if, had Plaintiffs alleged that MDJ Miner was somehow improperly influenced by MDJ Naylor, judicial immunity would apply. However, the issue if not before the court and will therefore not be addressed.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JEANNE E. YEAPLE, et al., : CIVIL NO. 1:CV-09-0163
    Plaintiff :
    v. :
DISTRICT JUDGE ALAN G. :
NAYLOR, et al. :
    Defendant :

# ORDER

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT**:

    1) Defendants' motion to dismiss (Doc. 9) is **GRANTED.**

    2) The Clerk of Court shall close the file.

                               s/Sylvia H. Rambo
                                 SYLVIA H. RAMBO
                                 United States District Judge

Dated: August 21, 2009.